**Spadea Lignana**
Joel Schwartz, Esquire
222 New Road, Suite 402
Linwood, New Jersey 08221
Phone: (215) 525-1165

Order Filed on February 26, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRUTTA BOWLS FRANCHISING, LLC : <br> Plaintiff, : <br> : <br> : <br> : <br> : <br> v. : <br> : <br> NEW HEALTHY FOOD CONCEPTS, LLC, : <br> NICHOLAS NETTA : <br> NICHOLAS NETTA, JR. : <br>     and : <br> JOSEPH MARANO : <br> Defendants. : | Bankruptcy Docket No.: 19-13230MBK <br><br> ADVERSARY PROCEEDING <br><br> CIVIL ACTION <br><br> No. 19-01954 |

## ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF CONTROVERSY

**DATED: February 26, 2020**

*/s/ Michael B. Kaplan*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

AND NOW, this ____ day of October, 2019, upon consideration of the Motion to Approve Settlement (the "Motion"), it is hereby **ORDERED, ADJUDGED** and **DECREED** that the Motion is **GRANTED** and that the Settlement Agreement (the "Agreement") attached to the Motion as Exhibit "A" is **APPROVED**.

In accordance with the Agreement, and not by way of limitation:

a. Warren will agree to de-identify their Frutta Bowls store within 7 days from the date the settlement was read into the record (July 2, 2019); this time is needed in order for the exterior sign to be removed; the de-identification will also include my clients agreeing to paint the interior of the store and to change the digital media of the menu boards.

b. Within 60 days from the date the settlement terms were read into the record (July 2, 2019), Warren will agree to comply with the restrictive covenant contained in the Franchise Agreement; if Warren does not comply with this non-compete within the 60 day period, in addition to having the right to enforce the settlement agreement with the BK court, Warren will also pay, as liquidated damages, $15,000 that are owed for past royalties/ad fees and $7500 for attorneys' fees.

c. Warren will be deemed to have withdrawn the 4 proof of claims filed in the Bankruptcy Court, each for $250,000 (POC # 21, 23, 24, and 25) and the Court on its own action may remove all such Proofs of claim;

d. The adversary proceeding will be withdrawn/dismissed by the Debtor, with prejudice, with each party bearing their respective fees/costs;

e. Debtor will waive all claims of any kind against my client, including all claims for damages, injunctive relief, unfair trade, trademark violations, etc.;

f. Each party will execute mutual general releases, which will release each party and their affiliates etc. from any and all claims, contracts, demands, etc. against the other party, excepting only the obligations of the parties under the Settlement Agreement.